# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARRY A. BORZYCH,
        Petitioner,

v.                                         Case No. 97C0454

DANIEL BERTRAND,
        Respondent.

## DECISION AND ORDER

On April 23, 1997, petitioner Garry A. Borzych, along with three other prisoners, brought a join petition for a writ of habeas corpus. The Honorable Myron L. Gordon concluded that the joint petition was improper and ordered petitioners to file amended petitions and to clarify their claims. The petitioners filed an amended petition which failed to cure the defects. On August 26, 2007, Judge Gordon dismissed petitioners' petitions without prejudice. Petitioners filed a motion for reconsideration under Fed. R. Civ. P. 59(e) asserting that because their petitions were brought after the effective date of the AEDPA, dismissal without prejudice was tantamount to a dismissal with prejudice because their claims would then be foreclosed by the one year AEDPA period of limitations. Judge Gordon denied petitioners' motion for reconsideration on September 9, 1997, and their request for a certificate of appealability on November 18, 1997. The Seventh Circuit also denied petitioners' request for a certificate of appealability on July 15, 1998. On June 27, 2006, petitioner Garry A. Borzych filed a motion for reconsideration of Judge Gordon's denial of his request for a certificate of appealability and a motion for appointment of counsel. Because Judge Gordon retired, petitioner's motion was assigned to me.

Substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 371 F.3d 950, 952 (7th Cir. 2004). A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 619 (7th Cir. 1997) (internal quotation marks and citation omitted). Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Rule 60(b)(6) permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Id.

The Supreme Court has held that a state prisoner cannot use Rule 60 to present to the district court "claims" for habeas relief. Gonzalez v. Crosby, 545 U.S. 524, 535-536 (2005). However, a Rule 60 motion by a habeas petitioner is not a "claim" on the merits where the petitioner raises "some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 536. Here, petitioner's request is based upon the district court's dismissal of his case without prejudice, and thus is properly construed as a Rule 60(b) claim and not a "claim" on the merits. However, for the following reasons, I must deny petitioner's motion.

First, the under the "law of the case" district courts are bound by prior decisions of the court of appeals absent good cause to depart from the previous decision. Blue Cross Blue Shield United of Wis. v. Marshfield Clinic, 152 F.3d 588, 591 (7th Cir. 1998). "[I]f the

2

issues were decided either expressly or by necessary implication, those determinations of law will be binding on remand and on a subsequent appeal." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 232 (7th Cir. 1988) (internal citations and quotations omitted). Here, both the district court and court of appeals previously concluded that petitioner did not present an issue for appeal on which reasonable jurists could differ. Petitioner does not raise a newly discovered issue in his present motion; he argued in his previous Rule 59(e) motion that he would be prejudiced by the district court's dismissal of his action. Judge Gordon concluded that petitioners had been given an opportunity to correct the deficiencies and failed to do so. The issue of prejudice was before the district court and court of appeals when they respectively denied petitioners' request for a certificate of appealability. Thus, I conclude that petitioner does not present good cause to disturb the decisions of the district court and court of appeals.

Next, motions under Rule 60(b) must be brought within a reasonable time. Although

> there is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion, we look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties.

Ingram, 371 F.3d at 952 (internal citations and quotations omitted). Here, petitioner waited almost eight years to bring the present motion. Further, the issues he presents were known to him at the time of the denial of his request for a certificate of appealability. Thus, I conclude that plaintiff failed to bring the motion within a reasonable time as required by Rule 60(b)(6) and decline to grant his request for that reason as well.

Finally, even if I were to conclude that I could entertain petitioner's motion, I would deny it. There is authority for the proposition that a district court should not dismiss a

3

habeas petition sua sponte for pleading defects if such dismissal effectively bars a petitioner from meeting the one year AEDPA limitation period. See Wingfield v. Secretary, 203 Fed. Appx. 276, 278, 2006 WL 2974186 (11th Cir. Oct. 17, 2006) (citing Justice v. United States, 6 F.3d 1474, 1482 n. 15 (11th Cir.1993)). However, if the court provides an opportunity for a petitioner to cure such defects, and the petitioner fails to do so, a court appropriately may dismiss the petition. See id. at 279. Here, Judge Gordon informed petitioner that his petition, as written, was improper and that such petition would be dismissed if petitioner failed to cure the defects, which petitioner failed to do. Thus, I cannot conclude that dismissal of petitioner's petition was improper.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that petitioner's motion for reconsideration of the denial of a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 27 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge