UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARRY A. BORZYCH,
    Petitioner,

v.                                            Case No. 97C0454

DANIEL BERTRAND,
    Respondent.

## ORDER

On April 23, 1997, petitioner Garry A. Borzych, along with three other prisoners, brought a joint petition for a writ of habeas corpus. The Honorable Myron L. Gordon concluded that the joint petition was improper and ordered petitioners to file amended petitions and to clarify their claims. The petitioners filed an amended petition which failed to cure the defects. On August 26, 1997, Judge Gordon dismissed petitioners' petitions without prejudice. Petitioners filed a motion for reconsideration under Fed. R. Civ. P. 59(e) asserting that because their petitions were brought after the effective date of the AEDPA, dismissal without prejudice was tantamount to a dismissal with prejudice because their claims would then be foreclosed by the one year AEDPA period of limitations. Judge Gordon denied petitioners' motion for reconsideration on September 9, 1997, and their request for a certificate of appealability on November 18, 1997. The Seventh Circuit also denied petitioners' request for a certificate of appealability on July 15, 1998.

On June 27, 2006, petitioner Garry A. Borzych filed a motion for reconsideration of Judge Gordon's denial of his request for a certificate of appealability. Because Judge Gordon retired, petitioner's motion was assigned to me. I denied petitioner's motion for

reconsideration for several reasons: First, because I was bound by the Seventh Circuit's and Judge Gordon's prior decisions under the "law of the case" and petitioner had not presented good cause to depart, Blue Cross Blue Shield United of Wis. v. Marshfield Clinic, 152 F.3d 588, 591 (7th Cir. 1998); next because petitioner had knowledge of the facts yet waited almost 8 years to move for reconsideration and thus had not brought his motion within a reasonable time, Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 371 F.3d 950, 952 (7th Cir. 2004); and finally, because petitioner had been given an opportunity to cure the defects in his petition and had failed to do so, Wingfield v. Secretary, 203 Fed. Appx. 276, 278-79, 2006 WL 2974186 (11th Cir. Oct. 17, 2006) (citing Justice v.United States, 6 F.3d 1474, 1482 n.15 (11th Cir.1993)).

Now before me is a request to reconsider my March 27, 2007, order denying petitioner's request for reconsideration of Judge Gordon's denial of a certificate of appealability. Petitioner does not raise any new issues in his motion for reconsideration that would cause me to alter any of my previous conclusions.

Therefore,

**IT IS ORDERED** that petitioner's request for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin this 25 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge

2

Case 2:97-cv-00454-LA   Filed 07/26/07   Page 2 of 2   Document 34